# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT
# APPEAL NO. 23-1867

―――――――――――――――――――――――――――――――――

## NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, INC.
Plaintiff-Appellant,

v.

JANET LOUISE YELLEN, in her official capacity as Secretary of Treasury;
JOSEPH ROBINETTE BIDEN, JR. in his official capacity as
President of the United States,
Defendants-Appellees,

―――――――――――――――――――――――――――――――――

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Case No. 1:23-cv-11001-RGS
The Honorable Richard G. Stearns

―――――――――――――――――――――――――――――――――

## JOINT APPENDIX

―――――――――――――――――――――――――――――――――

Shannon Liss-Riordan, CAB # 77877
Matthew Carrieri, CAB # 1207125
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
sliss@llrlaw.com
mcarrieri@llrlaw.com

Sarah E. Suszczyk (application forthcoming)
General Counsel NAGE/IBPO/IAEP/IBCO
159 Burgin Parkway

Quincy, Massachusetts 02169
(617) 376-7239
ssuszczyk@nage.org

Thomas H. Geoghegan, CAB # 1198514
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
tgeoghegan@dsgchicago.com

Patrick V. Dahlstrom, CAB # 1173468
Pomerantz LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
(312) 377-1181
pdahlstrom@pomlaw.com

# TABLE OF CONTENTS

Docket Report ................................................................................................. JA001

Notice of Appeal, Docket 61 (October 19, 2023) ............................................. JA009

Complaint for Declaratory and Injunctive Relief, Docket 1
     (May 8, 2023) .......................................................................................... JA011

First Amended Complaint for Declaratory Relief, Docket 40
     (June 20, 2023) ........................................................................................ JA022

Memorandum and Order on Defendants' Motion to Dismiss,
     Docket 58 (October 18, 2023) ................................................................. JA037

Order of Dismissal, Docket 60 (October 18, 2023) .......................................... JA044

Query    Reports ▾    Utilities ▾    Help    Log Out

<span style="color:green">**APPEAL**</span>

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:23-cv-11001-RGS

National Association of Government Employees, Inc. v. Yellen et al

Date Filed: 05/08/2023
Date Terminated: 10/18/2023
Jury Demand: None
Nature of Suit: 950 Constitutional - State Statute
Jurisdiction: U.S. Government Defendant

Assigned to: Judge Richard G. Stearns
Case in other court: USCA - First Circuit, 23-01867
Cause: 28:2201 Declaratory Judgment

**Plaintiff**

**National Association of Government Employees, Inc.**

represented by **Patrick V. Dahlstrom**
Pomerantz LLP
10 South LaSalle, Suite 3505
Chicago, IL 60603
312-377-1181
Email: pdahlstrom@pomlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas H. Geoghegan**
Despres, Schwartz & Geoghegan, Ltd.
77 W. Washington St.
Suite 711
Chicago, IL 60602
312-372-2511
Email: tgeoghegan@dsgchicago.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Carrieri**
Lichten & Liss-Riordan, P.C.
729 Boylston Street
Suite 2000
Boston, MA 02116
617-994-5800
Fax: 617-994-5811
Email: mcarrieri@llrlaw.com
*ATTORNEY TO BE NOTICED*

**Shannon E. Liss-Riordan**
Lichten & Liss-Riordan, P.C.
729 Boylston Street
Suite 2000

Boston, MA 02116
617-994-5800
Email: sliss@llrlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Janet Yellen**                                    represented by    **Alexander N. Ely**
*Secretary of Treasury, in her official*                             DOJ-Civ
*capacity*                                                           1100 L Street NW
                                                                     Washington, DC 20005
                                                                     202-616-8244
                                                                     Email: alexander.n.ely@usdoj.gov
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Brad P. Rosenberg**
                                                                     U.S. Department of Justice, Civil Division,
                                                                     Federal Programs
                                                                     1100 L Street, NW
                                                                     Washington, DC 20005
                                                                     202-514-3374
                                                                     Email: brad.rosenberg@usdoj.gov
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Rayford A. Farquhar**
                                                                     United States Attorney's Office
                                                                     John Joseph Moakley Federal Courthouse
                                                                     1 Courthouse Way
                                                                     Suite 9200
                                                                     Boston, MA 02210
                                                                     617-748-3100
                                                                     Fax: 617-748-3971
                                                                     Email: rayford.farquhar@usdoj.gov
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Zach A. Avallone**
                                                                     US Securities and Exchange Commission
                                                                     Civil Division, Federal Programs Branch
                                                                     100 F Street NE
                                                                     Washington, DC 20549
                                                                     202-795-0987
                                                                     Email: avallonez@sec.gov
                                                                     *TERMINATED: 10/18/2023*
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Joseph Biden**                                   represented by    **Alexander N. Ely**
*President of the United States, in his official*                     (See above for address)
*capacity*                                                           *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

**JA002**

**Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zach A. Avallone**
(See above for address)
*TERMINATED: 10/18/2023*
*ATTORNEY TO BE NOTICED*

Email All Attorneys

Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 05/08/2023 | 1 | COMPLAINT *for Declaratory Judgment and Injunctive Relief* against Joseph Biden, Janet Yellen Filing fee: $ 402, receipt number AMADC-9842653 (Fee Status: Filing Fee paid), filed by National Association of Government Employees, Inc.. (Attachments: # 1 Civil Cover Sheet, # 2 Category Form)(Liss-Riordan, Shannon) (Entered: 05/08/2023) |
| 05/08/2023 | 2 | ELECTRONIC NOTICE of Case Assignment. Judge Richard G. Stearns assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Paul G. Levenson. (Finn, Mary) (Entered: 05/08/2023) |
| 05/08/2023 | 3 | Summons Issued as to All Defendants. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Currie, Haley) (Entered: 05/08/2023) |
| 05/18/2023 | 4 | MOTION for Joinder in this Case, to Support for an Injunction, and for Hearing filed by Chris Bush - Joinder Applicant for Plaintiffs. (Attachments: # 1 Civil Cover Sheet) (Pacho, Arnold) (Entered: 05/18/2023) |
| 05/19/2023 | 5 | Judge Richard G. Stearns: ELECTRONIC ORDER entered denying 4 Motion for Joinder, without prejudice, as premature as the National Association of Government Employees has yet to make service, nor has the government had the opportunity to file a response.<br><br>(Zierk, Marsha) (Entered: 05/19/2023) |
| 05/19/2023 | 6 | Copy of 5 Order on Motion for Joinder, mailed to Chris Bush on 5/19/2023. (Pacho, Arnold) (Entered: 05/19/2023) |
| 05/19/2023 | 7 | Emergency MOTION for Preliminary Injunction by National Association of Government Employees, Inc.. (Attachments: # 1 Exhibit Declaration of Lee Sutton)(Liss-Riordan, Shannon) (Entered: 05/19/2023) |
| 05/19/2023 | 8 | EXHIBIT re 7 Emergency MOTION for Preliminary Injunction by National Association of Government Employees, Inc.. (Attachments: # 1 Exhibit A)(Liss-Riordan, Shannon) (Entered: 05/19/2023) |

**JA003**

| 05/19/2023 | 9 | SUMMONS Returned Executed Joseph Biden served on 5/16/2016, answer due 6/6/2016. (Liss-Riordan, Shannon) (Entered: 05/19/2023) |
|---|---|---|
| 05/19/2023 | 10 | SUMMONS Returned Executed Janet Yellen served on 5/16/2023, answer due 6/6/2023. (Liss-Riordan, Shannon) (Entered: 05/19/2023) |
| 05/19/2023 | 11 | NOTICE of Appearance by Matthew Carrieri on behalf of National Association of Government Employees, Inc. (Carrieri, Matthew) (Entered: 05/19/2023) |
| 05/22/2023 | 12 | NOTICE of Appearance by Alexander N. Ely on behalf of Joseph Biden, Janet Yellen (Ely, Alexander) (Entered: 05/22/2023) |
| 05/22/2023 | 13 | MOTION for Leave to Appear Pro Hac Vice for admission of Thomas H. Geoghegan Filing fee: $ 125, receipt number AMADC-9867455 by National Association of Government Employees, Inc.. (Attachments: # 1 Declaration of Thomas H. Geoghegan, # 2 Text of Proposed Order)(Liss-Riordan, Shannon) (Entered: 05/22/2023) |
| 05/22/2023 | 14 | MOTION for Leave to Appear Pro Hac Vice for admission of Patrick V. Dahlstrom Filing fee: $ 125, receipt number AMADC-9867501 by National Association of Government Employees, Inc.. (Attachments: # 1 Certification of Patrick V. Dahlstrom in support of Motion for Pro Hac Vice, # 2 Text of Proposed Order)(Liss-Riordan, Shannon) (Entered: 05/22/2023) |
| 05/22/2023 | 15 | Joint MOTION *to set Scheduling Conference* by National Association of Government Employees, Inc..(Liss-Riordan, Shannon) (Entered: 05/22/2023) |
| 05/22/2023 | 16 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 15 MOTION to set Scheduling Conference by National Association of Government Employees, Inc. (Maynard, Timothy) (Entered: 05/22/2023) |
| 05/22/2023 | 17 | Set Hearings: Scheduling Conference set for 5/23/2023 11:00 AM in Courtroom 21 (Remote only) before Judge Richard G. Stearns. **HEARING IS FOR SCHEDULING ONLY.** (Maynard, Timothy) (Entered: 05/22/2023) |
| 05/23/2023 | 18 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 13 , 14 Motions for Leave to Appear Pro Hac Vice. Thomas H. Geoghegan and Patrick V. Dahlstrom added. **Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen-current-pacer-accounts.htm#link-account. (Pacho, Arnold) (Entered: 05/23/2023) |
| 05/23/2023 | 19 | Electronic Clerk's Notes for proceedings held before Judge Richard G. Stearns: Status Conference held on 5/23/2023. Court hears from the parties re scheduling; Defendant's response due May 30, 2023. (Court Reporter: James Gibbons at jamesgibbonsrpr@gmail.com.)(Attorneys present: Dahlstrom, Geoghegan, Carrieri, Liss-Riordan for the plaintiffs; Ely for the defendants) (Maynard, Timothy) Modified on 5/23/2023 (Maynard, Timothy). (Entered: 05/23/2023) |
| 05/23/2023 | 20 | ELECTRONIC NOTICE Setting Hearing on Motion 7 Emergency MOTION for Preliminary Injunction : Motion Hearing set for 5/31/2023 02:00 PM in Courtroom 21 (In person only) before Judge Richard G. Stearns. (Maynard, Timothy) (Entered: 05/23/2023) |
| 05/23/2023 | 21 | NOTICE of Appearance by Thomas H. Geoghegan on behalf of National Association of |

| | | |
|---|---|---|
| | | Government Employees, Inc. (Geoghegan, Thomas) (Entered: 05/23/2023) |
| 05/23/2023 | 22 | SUMMONS Returned Executed as to US Attorney by National Association of Government Employees, Inc.. Janet Yellen served on 5/22/2023, answer due 7/21/2023. (Liss-Riordan, Shannon) (Entered: 05/23/2023) |
| 05/23/2023 | 23 | SUMMONS Returned Executed as to US Attorney by National Association of Government Employees, Inc.. Joseph Biden served on 5/22/2023, answer due 7/21/2023. (Liss-Riordan, Shannon) (Entered: 05/23/2023) |
| 05/24/2023 | 24 | NOTICE of Appearance by Brad P. Rosenberg on behalf of Joseph Biden, Janet Yellen (Rosenberg, Brad) (Entered: 05/24/2023) |
| 05/24/2023 | 25 | 2nd Motion for Joinder, Motion for Emergency Injunction filed by Chris Bush - Joinder Applicant. (Attachments: # 1 Exhibit 1, # 2 Cover Sheet) (Pacho, Arnold) (Entered: 05/24/2023) |
| 05/25/2023 | 26 | NOTICE of Appearance by Patrick V. Dahlstrom on behalf of National Association of Government Employees, Inc. (Dahlstrom, Patrick) (Entered: 05/25/2023) |
| 05/26/2023 | 27 | NOTICE of Appearance by Zach A. Avallone on behalf of Joseph Biden, Janet Yellen (Avallone, Zach) (Entered: 05/26/2023) |
| 05/26/2023 | 28 | MOTION for Leave to File Excess Pages *(Unopposed)* by Joseph Biden, Janet Yellen. (Attachments: # 1 Proposed Order)(Rosenberg, Brad) (Entered: 05/26/2023) |
| 05/26/2023 | 29 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 28 Motion for Leave to File Excess Pages. Defendants may file a combined memorandum not to exceed 25 pages. (RGS, law3) (Entered: 05/26/2023) |
| 05/29/2023 | 30 | MOTION to Set Zoom Status Conference, Stay Briefing, and Vacate Hearing by Joseph Biden, Janet Yellen. (Attachments: # 1 Proposed Order)(Rosenberg, Brad) (Entered: 05/29/2023) |
| 05/29/2023 | 31 | Judge Richard G. Stearns: ELECTRONIC ORDER entered. In deference to the efforts of the executive and legislative branches to resolve the current impasse over the debt ceiling statute, the court will postpone the hearing on plaintiffs motion for a preliminary injunction scheduled for this Wednesday, May 31, 2023, pending any further order of the court. (Zierk, Marsha) (Entered: 05/29/2023) |
| 05/29/2023 | 32 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting in part 30 MOTION to Set Zoom Status Conference, Stay Briefing, and Vacate Hearing by Joseph Biden, Janet Yellen. The request to stay briefing is ALLOWED. The court will schedule a status conference after the vote on the budget agreement. (Zierk, Marsha) (Entered: 05/29/2023) |
| 05/30/2023 | 33 | ELECTRONIC NOTICE Canceling Hearing. Motion Hearing set for 5/31/2023 02:00 PM in Courtroom 21 is CANCELED. (Maynard, Timothy) (Entered: 05/30/2023) |
| 05/30/2023 | 34 | MOTION for Leave to File Amici Curiae Brief filed by John Paul Durbin - Citizen / Journalist / Activist. (Pacho, Arnold) (Entered: 05/30/2023) |
| 05/30/2023 | 35 | MEMORANDUM in Support re 34 MOTION for Leave to File. (Attachments: # 1 Exhibits) (Pacho, Arnold) (Entered: 05/30/2023) |
| 06/05/2023 | 36 | Judge Richard G. Stearns: ELECTRONIC ORDER entered. In this case, plaintiff National Association of Government Employees, Inc., (NAGE) asks the court to enjoin the defendants, Janet Yellen, Secretary of Treasury, and Joseph Biden, President of the United |

| | | |
|---|---|---|
| | | States, "from cancelling or suspending the operations of the federal government on the ground that the limit on total indebtedness of the United States has been reached under 31 U.S.C. § 3101(b)" and "that in its present form[,] 31 U.S.C. § 3101(b), known as the Debt Limit Statute" is allegedly unconstitutional. Compl. para. 1. President Biden, having signed the Fiscal Responsibility Act of 2023 into law on June 3, 2023 (suspending the United States' debt limit until January of 2025), the court asks NAGE to notify the court, no later than June 20, 2023, whether it intends to proceed with this litigation. If that is NAGE's aim, the court will set a briefing schedule initially focused on NAGE's present standing to do so. <br><br> (Zierk, Marsha) (Entered: 06/05/2023) |
| 06/06/2023 | 37 | NOTICE of Appearance by Rayford A. Farquhar on behalf of Joseph Biden, Janet Yellen (Farquhar, Rayford) (Entered: 06/06/2023) |
| 06/20/2023 | 38 | MOTION to Add Fernando Fontanez as Party to Plaintiff Under Fed Rule Civil Procedure 21 and Compel Plaintiff to Amend Complaint Under Fed Rule Civil Procedure 15 filed by Fernando Fontanez. (Attachments: # 1 Exhibits, # 2 Addendum to Motion, # 3 Cover Letter) (Pacho, Arnold) (Entered: 06/20/2023) |
| 06/20/2023 | 39 | NOTICE by National Association of Government Employees, Inc. re 36 Order,,,, *(Plaintiff's Notification of Intent to Proceed)* (Liss-Riordan, Shannon) (Entered: 06/20/2023) |
| 06/20/2023 | 40 | AMENDED COMPLAINT *(First Amended Complaint for Declaratory Relief)* against Joseph Biden, Janet Yellen, filed by National Association of Government Employees, Inc.. (Liss-Riordan, Shannon) (Entered: 06/20/2023) |
| 06/22/2023 | 41 | Judge Richard G. Stearns: ELECTRONIC ORDER entered. Plaintiff having withdrawn its emergency motion for a preliminary injunction and having filed an Amended Complaint, the court will allow the parties to brief standing and other possible grounds for dismissal in the ordinary course, using the deadlines set forth in the Federal Rules of Civil Procedure. (RGS, law3) (Entered: 06/22/2023) |
| 06/27/2023 | 42 | Judge Richard G. Stearns: ELECTRONIC ORDER entered finding as moot 34 Motion for Leave to File Document given the withdrawal of 7 Emergency Motion for Preliminary Injunction. (RGS, law3) (Entered: 06/27/2023) |
| 06/27/2023 | 43 | Judge Richard G. Stearns: ELECTRONIC ORDER entered denying 25 Motion for Joinder and 38 Motion for Joinder without prejudice to refiling at the class certification stage. (RGS, law3) (Entered: 06/27/2023) |
| 06/27/2023 | 44 | Second Addendum to Motion to Add Fernando Fontanez Party to Case filed by Fernando Fontanez. (Attachments: # 1 Exhibit) (Pacho, Arnold) (Entered: 06/27/2023) |
| 07/24/2023 | 45 | MOTION to Dismiss for Lack of Jurisdiction by Joseph Biden, Janet Yellen.(Ely, Alexander) (Main Document 45 replaced on 7/25/2023) (Pacho, Arnold). Modified on 7/25/2023 to docket memorandum as a separate entry, dkt. # 46 (Pacho, Arnold). (Entered: 07/24/2023) |
| 07/24/2023 | 46 | MEMORANDUM in Support re 45 MOTION to Dismiss for Lack of Jurisdiction filed by Joseph Biden, Janet Yellen. (Pacho, Arnold) (Entered: 07/25/2023) |
| 08/07/2023 | 47 | MEMORANDUM in Opposition re 45 MOTION to Dismiss for Lack of Jurisdiction filed by National Association of Government Employees, Inc.. (Liss-Riordan, Shannon) (Entered: 08/07/2023) |
| 08/08/2023 | 48 | ELECTRONIC NOTICE Setting Hearing on Motion 45 MOTION to Dismiss for Lack of Jurisdiction : Motion Hearing set for 8/29/2023 10:00 AM in Courtroom 21 (In person |

| | | |
|---|---|---|
| | | only) before Judge Richard G. Stearns. (Maynard, Timothy) (Entered: 08/08/2023) |
| 08/09/2023 | 49 | ELECTRONIC NOTICE Resetting Hearing on Motion 45 MOTION to Dismiss for Lack of Jurisdiction : Motion Hearing set for 9/21/2023 10:00 AM in Courtroom 21 (In person only) before Judge Richard G. Stearns. (Maynard, Timothy) (Entered: 08/09/2023) |
| 08/21/2023 | 50 | Assented to MOTION for Leave to File *Reply Brief in Support of Motion to Dismiss for Lack of Jurisdiction* by Joseph Biden, Janet Yellen. (Attachments: # 1 Proposed Reply Brief)(Ely, Alexander) (Entered: 08/21/2023) |
| 08/22/2023 | 51 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 50 Motion for Leave to File Document. Counsel shall file the proposed Reply as a separate docket entry within one (1) day of this Order. (RGS, law3) (Entered: 08/22/2023) |
| 08/22/2023 | 52 | Assented to REPLY to Response to 45 MOTION to Dismiss for Lack of Jurisdiction filed by Joseph Biden, Janet Yellen. (Ely, Alexander) (Entered: 08/22/2023) |
| 08/25/2023 | 53 | ELECTRONIC NOTICE Resetting Hearing on Motion 45 MOTION to Dismiss for Lack of Jurisdiction : Motion Hearing set for 10/5/2023 02:00 PM in Courtroom 21 (In person only) before Judge Richard G. Stearns. (Maynard, Timothy) (Entered: 08/25/2023) |
| 10/03/2023 | 54 | MOTION for Leave to File *Sur-Reply in Opposition to Defendants' Motion to Dismiss for Lack of Jurisdiction* by National Association of Government Employees, Inc.. (Attachments: # 1 Exhibit 1 - Proposed Sur-Reply)(Liss-Riordan, Shannon) (Entered: 10/03/2023) |
| 10/05/2023 | 55 | Judge Richard G. Stearns: ELECTRONIC ORDER entered denying 54 Motion for Leave to File Document as untimely. (RGS, law3) (Entered: 10/05/2023) |
| 10/06/2023 | 56 | Electronic Clerk's Notes for proceedings held before Judge Richard G. Stearns: Motion Hearing held on 10/6/2023 re 45 MOTION to Dismiss for Lack of Jurisdiction filed by Janet Yellen, Joseph Biden. Court hears argument from the parties; Court takes the matter under advisement. (Court Reporter: James Gibbons at jamesgibbonsrpr@gmail.com.) (Attorneys present: Dahlstrom, Geoghegan; Ely, Rosenberg) (Maynard, Timothy) (Entered: 10/06/2023) |
| 10/18/2023 | 57 | Assented to MOTION to Withdraw as Attorney by Joseph Biden, Janet Yellen. (Attachments: # 1 Text of Proposed Order)(Avallone, Zach) (Entered: 10/18/2023) |
| 10/18/2023 | 58 | Judge Richard G. Stearns: ORDER entered granting 45 Motion to Dismiss for Lack of Jurisdiction. The motion to dismiss is allowed, and the Clerk shall close the case. (RGS, law3) (Entered: 10/18/2023) |
| 10/18/2023 | 59 | Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 57 Assented to Motion to Withdraw. Attorney Zach A. Avallone terminated. (Pacho, Arnold) (Entered: 10/18/2023) |
| 10/18/2023 | 60 | Judge Richard G. Stearns: ORDER entered. Order of Dismissal. (Pacho, Arnold) (Entered: 10/18/2023) |
| 10/19/2023 | 61 | NOTICE OF APPEAL as to 58 Order on Motion to Dismiss/Lack of Jurisdiction, 60 Order Dismissing Case by National Association of Government Employees, Inc. Filing fee: $ 505, receipt number AMADC-10093557 Fee Status: Not Exempt. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to |

|  |  | **deliver official record to Court of Appeals by 11/8/2023. (Liss-Riordan, Shannon) (Entered: 10/19/2023)** |
|---|---|---|
| 10/19/2023 | [62](#) | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re [61](#) Notice of Appeal (Paine, Matthew) (Entered: 10/19/2023) |
| 10/20/2023 | 63 | USCA Case Number 23-1867 for [61](#) Notice of Appeal, filed by National Association of Government Employees, Inc.. (Paine, Matthew) (Entered: 10/20/2023) |
| 01/17/2024 | [64](#) | Transcript of Motion to Dismiss held on October 5, 2023, before Judge Richard G. Stearns. COA Case No. 23-1867. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: James Gibbons at jamesgibbonsrpr@gmail.com Redaction Request due 2/7/2024. Redacted Transcript Deadline set for 2/20/2024. Release of Transcript Restriction set for 4/16/2024. (Dore, Samantha) (Entered: 01/17/2024) |
| 01/17/2024 | 65 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (Dore, Samantha) (Entered: 01/17/2024) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/23/2024 00:03:11 | | |
| **PACER Login:** | llrlaw2666 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:23-cv-11001-RGS |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

**JA008**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, INC.,** ) ) ) | |
| **Plaintiff,** ) ) | **Civil Action No.: 1:23-cv-11001-RGS** |
| **v.** ) ) | |
| **JANET YELLEN**, Secretary of Treasury, in her official capacity, and **JOSEPH BIDEN**, President of the United States, in his official capacity ) ) ) ) ) | |
| **Defendants.** ) | |

<u>**NOTICE OF APPEAL**</u>

Plaintiff hereby appeals the Court's Memorandum and Order on Defendants' Motion to

Dismiss (Dkt. 58) and Order of Dismissal (Dkt. 60) to the First Circuit Court of Appeals.

Dated: October 19, 2023

Respectfully submitted,

NATIONAL ASSOCIATION OF
GOVERNMENT EMPLOYEES, INC.,

By its attorneys,

<u>*/s/ Shannon Liss-Riordan*</u>
Shannon Liss-Riordan, BBO #640716
Matthew P. Carrieri BBO #705192
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
mcarrieri@llrlaw.com

Sarah E. Suszczyk
*(Pro hac vice)*
General Counsel NAGE/IBPO/IAEP/IBCO
159 Burgin Parkway
Quincy, Massachusetts 02169
(617) 376-7239
ssuszczyk@nage.org

Thomas H. Geoghegan
*(Pro hac vice)*
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
tgeoghegan@dsgchicago.com

Patrick V. Dahlstrom
*(Pro hac vice)*
Pomerantz LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
(312) 377-1181
pdahlstrom@pomlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2023, a true and accurate copy of the above document was filed with the Court via CM/ECF system, which will send e-mail notification of such filing to all attorneys of record.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan

**JA010**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JANET YELLEN, Secretary of Treasury, in her official capacity, and JOSEPH BIDEN, President of the United States, in his official capacity | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction

1.      The Plaintiff National Association of Government Employees, Inc., ("NAGE") asks that this Court enjoin the Defendants from cancelling or suspending the operations of the federal government on the ground that the limit on total indebtedness of the United States has been reached under 31 U.S.C. § 3101(b). In its present form 31 U.S.C. § 3101(b), known as the Debt Limit Statute, is in violation of the principle of the separation of powers, as set out in Articles I and II of the Constitution, because it necessarily confers on the Defendant President the unchecked discretion to cancel or curtail the operations of government approved by Congress without the approval of Congress. Plaintiff NAGE therefore seeks an order to declare that the Debt Limit Statute is presently unconstitutional and of no force and further seeks to enjoin Defendants from refusing to borrow to meet the operations of government approved by Congress and the debts and obligations that also must be paid pursuant to the Fourteenth Amendment until such time as 31

1

U.S.C. § 3101(b) is revised to ensure the constitutionally mandated role of Congress in determining what operations of government may be cancelled or curtailed and to bar layoffs or furloughs of any federal employees until 31 U.S.C. § 3101(b) is so revised.

2.     While not challenging here in principle the controversial proposition that Congress can limit the indebtedness of the United States, Plaintiff asserts that Congress may not do so without at least setting the order and priority of payments once that limit is reached, instead of leaving it to the President to do so.

3.     Plaintiff NAGE on behalf of itself and its members seeks to enjoin Defendant Yellen from complying with the borrowing limit set by 31 U.S.C. § 3101(b) and taking any additional actions beyond the extraordinary measures already taken to suspend investments in NAGE members' Thrift Savings Plan Funds that would result in any lays-offs, furloughs, loss of employment, or any loss of benefits to any of NAGE's members until 31 U.S.C. § 3101(b) is revised by Congress.

**Jurisdiction and Venue**

4.     This Court has jurisdiction over this complaint under 28 U.S.C. § 1331, § 2201, and 5 U.S.C. § 702 because this case presents a substantial question of federal law.

5.     This Court has the authority to issue a declaratory judgment and to order injunctive relief and other relief that is necessary and proper pursuant to 28 U.S.C. §§ 2201 & 2202 and 5 U.S.C. §§ 705, 706(2).

6.     Venue is proper in this district under 28 U.S.C. § 1391(e)(1), as Plaintiff maintains its principal place of business in this judicial district and represents members, federal employees, throughout the United States, including this judicial district.

JA012

## Parties

7.     Plaintiff National Association of Government Employees, Inc., is a national labor organization affiliated with the Service Employees International Union. NAGE is incorporated in Delaware with its place of business at 159 Thomas Burgin Parkway, Quincy, MA 02169. It represents bargaining unit employees in U.S. government agencies including, but not limited to, the United States Department of the Army, the United States Department of the Air Force, the United States Department of the Navy, the Defense Commissary Agency, the Army and Air Force Exchange Service, the Defense Logistics Agency, the United States Department of Veterans Affairs, the United States Department of Transportation, the Federal Aviation Administration, the United States Environmental Protection Agency, the United States Department of the Interior, the United States Department of Commerce, and the Federal Mediation and Conciliation Service.

8.     Defendant Janet Yellen is the Secretary of the Treasury of the United States and, in that position, has the responsibility for financing the operations of the federal government.

9.     Defendant Joseph Biden is the President of the United States.

## Facts

10.     Plaintiff NAGE is the exclusive bargaining representative of nearly 75,000 federal employees, including approximately 6,000 in Massachusetts.

11.     The members of Plaintiff NAGE work in U.S. government agencies including, but not limited to, the United States Department of the Army, the United States Department of the Air Force, the United States Department of the Navy, the Defense Commissary Agency, the Army and Air Force Exchange Service, the Defense Logistics Agency, the United States Department of Veterans Affairs, the United States Department of Transportation, the Federal Aviation Administration, the United States Environmental Protection Agency, the United States Department of the

3

Interior, the United States Department of Commerce, and the Federal Mediation and Conciliation Service.

12.     At various times during periods when Congress has failed to approve a budget that continues full funding of one or more of these federal agencies, there have been layoffs or other loss of employment by members represented by Plaintiff NAGE at one or more of these agencies.

13.     Unlike these previous layoffs, members of Plaintiff NAGE are now at immediate and imminent risk of layoff or furlough because shortly, possibly even next month, the limit on total indebtedness of the United States has been reached, the United States will run out of cash to meet the operations of government approved by Congress, and the Secretary of the Treasury will be forced to either prioritize the payments of government debt resulting in loss of benefits, lay-offs and furloughs, or place the government in default by failing to borrow to cover the government's debt pursuant to 31 U.S.C. § 3101(b).

14.      Since 1917, Congress has set a limit on the amount of indebtedness that the United States may incur.

15.     From time to time since 1917, Congress has routinely raised such indebtedness of the United States without controversy until such limit was reached in 2011.

16.     In 2011, Congress came much closer than previously to failing to enact an increase in total indebtedness of the United States. At that time, and since, the Secretary of the Treasury has taken preliminary measures to prioritize paying the principal and interest on government debt and delaying payments on other government expenses that result in NAGE members' loss of benefits, lay-offs, and furloughs.

17.     Nonetheless, the limit was raised in 2011 in a timely manner and raised subsequently so that the limit on the total indebtedness of the United States is currently set at $31.4

JA014

trillion.

18.     On January 13, 2023, the defendant Secretary told Congress that early June may be the deadline when the Treasury could no longer pay the nation's bills without an increase in statutory borrowing and that she would be suspending reinvestments in retirement and health benefit funds, including the extraordinary measures of suspending new investments in the Thrift Savings Plan's G Fund investments and redeeming and suspending new investments off the Civil Service Retirement and Disability Fund

19.     Nonetheless, despite taking these extraordinary measures, Defendant Yellen has stated that it is a certainty that the United States will soon be unable to pay its bills unless Congress raises the present limit on indebtedness set by 31 U.S.C. § 3101(b). Otherwise, Defendants will have to make decisions that belong exclusively to Congress in exercise of its legislative function.

20.     At that time, the Defendants will be required to take various major actions to determine priorities for spending or whether certain spending should occur at all without any direction by Congress as to exercise of a function that belongs exclusively to Congress.

21.     It is public knowledge, of which this Court can take judicial notice, that the majority party of the House of Representatives has declared that it will refuse to raise the statutory limit already reached unless and until the President guarantees and accepts the reduction in spending and cancellation of various regulations as described in the budget passed by the House along party lines on April 26, 2023.

22.     The President, in turn, has stated that he will not negotiate in this manner in order to raise the level of indebtedness by law.

23.     Unless and until Congress passes legislation that is signed and approved by the President that raises the limit on total indebtedness set by 31 U.S.C. § 3101(b), the Debt Limit

Statute will bar the defendant Secretary from paying in full for the operations of the United States government which will result, *inter alia*, in NAGE members' loss of employment, accrual of leave, and benefits paid into their pensions and retirement plans. Thrift Savings Plan contributions will be discontinued. Some employees may be forced to work unpaid with only the promise that they may be paid if and when the debt limit crisis is resolved. Specific statutes that prohibit certain outside activities, require prior approval, or prohibit outside employment altogether during a furlough will leave NAGE members with limited means of supporting themselves.

24.     In addition to injury already suffered by members described above, and further injury they face, Plaintiff NAGE as an institution will suffer further certain and imminent reduction of its income as members who are furloughed and unable to pay dues to the union.

25.     The Debt Limit Statute has placed the President in an impossible position, without legislative permission or constitutional authority as to how to proceed. Under Article II of the Constitution, the President is obligated to execute all the laws, without exception, and may not be placed by Congress in a position where the President has to determine what laws are of continuing force and require payment, once the limit on total indebtedness is reached.

26.     The Fourteenth Amendment requires the President to meet obligations to the holders of federal debt. To do so, he must either borrow or find the necessary funds to do so from cancelling, suspending, or refusing to carry out spending already approved by Congress.

27.     The Debt Limit Statute is unconstitutional because it puts the President in a quandary to exercise discretion to continue borrowing to pay for the programs which Congress has heretofore duly authorized and for which Congress has appropriated funds or to stop borrowing and to determine which of these programs the President, and not the Congress, will suspend, curtail, or cancel altogether.

JA016

28.     In the case of the Anti-Deficiency Act, which is applicable in the absence of a duly enacted budget, yet to be determined, the President has limited authority to continue essential operations until the Congress has exercised its constitutional function of approving a budget and provides appropriate guidance to the President as to how to proceed. In complying with the Anti-Deficiency Act, the President does not have authority to suspend or cancel any laws or any programs that are, in fact, funded by Congress. By contrast, the Debt Limit Statute has a retroactive effect and requires a reduction of operations of government approved by Congress, with no legislative direction as to which obligations to cancel.

29.     Plaintiff NAGE, accordingly, has standing to bring this action for prospective injunctive relief, as it is the exclusive bargaining representative of 75,000 federal employees and seeks to protect all its members from additional extraordinary measures as well as major spending related actions that will necessarily be taken without approval of Congress and that result in layoffs, furloughs, requirements for unpaid work, and loss of funding of the pensions and retirement plans of its members.

## Claims

### Count I: Violation of Separation of Powers and Presentment Clause

30.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31.     Article I of the Constitution vests the federal government's spending power exclusively in Congress. *See* U.S. Const. art. I, § 8, cl. 1. Nothing in the Constitution or any judicial decision interpreting the Constitution allows Congress to leave unchecked discretion to the President to exercise the spending power vested in the legislative branch by canceling, suspending, or refusing to carry out spending already approved by Congress. Such spending power resides solely

with Congress. Once such spending power is exercised by Congress and approved by the President under the Presentment Clause of Article I, section 7, it may not be further altered or revised by the President.

32.     The Fourteenth Amendment prohibits any person from questioning the validity of the public debt and requires the President to first meet obligations to the holders of federal debt through borrowing or by finding the necessary funds  from cancelling, suspending, or refusing to carry out spending already approved by Congress. Under the facts set forth above, and in violation of the separation of powers of Articles I and II, the Debt Limit Statute necessarily confers upon the Defendant President the unlawful discretion to cancel, suspend, or refuse to carry out spending approved by Congress, without the consent or approval of Congress as to how the President may do so, in order to pay the bondholders.

33.     Because the Debt Limit Statute necessarily delegates the revision of such spending decisions to the President in order to meet its terms, and the members of the Plaintiff NAGE face continuing and imminent injury from such unlawful exercise of power, this Court should declare that 31 U.S.C. § 3101(b) in its current form is unconstitutional, unless and until the priorities for continued spending by the President are established by Congress once the debt limit is reached, and in the interim leave the defendant Secretary free to continue borrowing until there is a revision of 31 U.S.C. § 3101(b) to prevent the President from usurping the prerogatives of Congress.

34.     Unless and until the Debt Limit Statute is amended or revised to allow Congress to determine the priority of payments among specific programs once the limit on indebtedness is reached, the Debt Limit Statute is illegal and unenforceable as a whole, as the constitutional defect in the law is not severable in its present form.

35.     Unless and until the Debt Limit Statute is amended or revised to allow Congress to

determine the priority of payments among specific programs once the limit is reached, members of Plaintiff NAGE will suffer irreparable injury from layoffs, furloughs, and loss of employment that are taken without any legitimate authority by the President. While in the absence of a budget, the President may have authority under the Anti-Deficiency Act to extend forward the payment for essential services with cash on hand, or even with borrowing in the absence of a bar, the President has no such authority to do so when there is no cash on hand, and no authority to increase borrowing, and may not do so by refusing to execute other laws that Congress enacted and that the President has a constitutional obligation to continue.

36.     Preliminary and permanent relief until 31 U.S.C. § 3101(b) can be properly revised is also in the public interest, and the balance of harms favors injunctive relief as well. Defendant Yellen has stated that the United States will suffer irreparable harm from the injury to its public credit and financial injury to all its citizens.

## Count II: Violation of Fifth Amendment

37.     Plaintiff repeats and realleges each and every allegation contained in the forgoing paragraphs as if fully set forth herein.

38.     Under the facts set forth above, and in violation of the principles of equal protection and due process as incorporated into the Fifth Amendment of the Constitution, Congress has no scheme or set of classifications to determine or control which persons, corporations, or associations will or will not forfeit or lose amounts or suffer a taking of property and contractual rights due to them under 31 U.S.C. § 3101(b), or when the limit on the total indebtedness of the United States is reached, and the taking of such property or contractual rights or infliction of financial loss without the sanction of any law or consent of Congress deprives the Plaintiff NAGE of its right to equal protection.

9

WHEREFORE Plaintiff prays this Court to:

A. Declare that, in order to meet payments to holders of the public debt of the United States, once the limit on total indebtedness is reached, the Debt Limit Statute both requires and unlawfully confers on the defendant President and defendant Secretary the unlawful discretion to cancel, suspend, or refuse to carry out spending decisions approved by Congress, without direction by Congress, in violation of the principle of the separation of powers as set forth in Articles I and II of the Constitution

B. Enjoin the defendant Secretary under the inherent equity jurisdiction of this Court from limiting the borrowing of the United States pursuant to the Debt Limit Statute to the extent that it requires the defendant President and defendant Secretary to make decisions that exclusively belong to Congress and violate the separation of powers of the Constitution.

C. Grant such other relief as may be appropriate to bar the defendant Secretary and President from involving or relying upon the Debt Limit Statute to de-fund any part of the operations of the federal government approved by Congress unless and until Congress specifically directs.

D. Grant such and other further relief as the Court deems just and proper.

JA020

Dated: May 8, 2023

Respectfully submitted,

NATIONAL ASSOCIATION OF
GOVERNMENT EMPLOYEES, INC.,

By its attorneys,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, BBO #640716
Matthew P. Carrieri BBO #705192
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com, mcarrieri@llrlaw.com

Sarah E. Suszczyk
*(pro hac vice application forthcoming)*
General Counsel
NAGE/IBPO/IAEP/IBCO
159 Burgin Parkway
Quincy, Massachusetts 02169
(617) 376-7239
ssuszczyk@nage.org

Thomas H. Geoghegan
*(pro hac vice application forthcoming)*
Michael Persoon
*(pro hac vice application forthcoming)*
William Bloom
*(pro hac vice application forthcoming)*
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
tgeoghegan@dsgchicago.com

Patrick V. Dahlstrom
*(pro hac vice application forthcoming)*
Pomerantz LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
(312) 377-1181
pdahlstrom@pomlaw.com

JA021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **NATIONAL ASSOCIATION OF** | ) | |
| **GOVERNMENT EMPLOYEES, INC.,** | ) | |
| | ) | **Civil Action No.: 1:23-cv-11001-RGS** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JANET YELLEN**, Secretary of Treasury, | ) | |
| in her official capacity, and | ) | |
| **JOSEPH BIDEN**, President of the United | ) | |
| States, in his official capacity, | ) | |
| | ) | |
| **Defendants** | ) | |

### FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

1.     The Plaintiff National Association of Government Employees, Inc. ("NAGE") asks that this Court declare that 31 U.S.C.§ 3101(b), also known as the Debt Ceiling Statute, is unconstitutional and in violation of the separation of powers set out in Articles I and II of the United States Constitution.

### PRELIMINARY STATEMENT

2.     The Debt Ceiling Statute, which will be reinstated and back in effect on January 1, 2025, is unconstitutional because Congress gives no direction to the Defendant President as to what action to take upon reinstatement of the debt ceiling when the indebtedness of the United States will be well in excess of the $31.4 trillion limit. The statute effectively places the government of the United States in bankruptcy without a bankruptcy plan or procedures. Plaintiff seeks a declaratory judgment and reserves the right to seek injunctive relief prior to reinstatement of the Debt Limit Statute on January 1, 2025, because its members face the same injury in fact, *i.e.*, losses

1

to their personal savings accounts, and face the same imminent and substantial risk of delay in payment as they did at the time of the initial filing of this action on May 8, 2023.

3.      At the time of the filing of this action on May 8, 2023, the country faced a substantial risk of a catastrophic debt default, as Defendant Yellen herself repeatedly stated, and the standing of Plaintiff to bring this action on behalf of its members must be determined as of that date. Had the default, which terrified Defendant Yellen and riveted the country's attention taken place, Defendant Yellen, in conjunction with the heads of each agency of the United States government, was about to take emergency measures of delaying wages and salary due to federal employees, including all or nearly all of Plaintiff's members.

4.      In addition, thousands of Plaintiff members had already suffered concrete, individual monetary injury from the extraordinary measures taken by the Defendant Secretary on January 13, 2025, pursuant to 5 USC § 8438. The G Fund contains contributions made by Plaintiff's members toward their retirement as part of the Thrift Savings Plan. The Defendant Secretary suspended investing the amounts that Plaintiff's members had elected to invest from their paychecks into the G Fund. The current amount of Plaintiff's members' uninvested principal and losses in interest has not been reported; in 2011, however, the extraordinary measures used to cover the national debt under a similar debt ceiling crisis resulted in losses of $378.5 million in the G Fund. These were losses to the personal savings that Plaintiff's members had placed in the Thrift Savings Plan G Fund accounts, established under 5 U.S.C. 8438, which invest exclusively in federal government debt.

5.      Plaintiff's members elected to have their personal savings invested in the G Fund, which pays interest to the individual members who hold these accounts. On January 13, 2023, pursuant to 5 U.S.C. §8438(g), the Defendant Secretary of the Treasury declared a debt issuance

2

JA023

suspension period to avoid creating more debt to Plaintiff's members and exceeding the limit on the nation's total indebtedness.  As a result, for at least four months at the time of the filing of this action, the Defendant Secretary had made no new investments on behalf of these members in new federal debt, *i.e.*, not invested any principal, and no interest was paid into their accounts.

6.     Plaintiff and its members have a concrete stake in determining whether the Debt Ceiling Statute is constitutional when 31 U.S.C. §3101(b) goes back into effect on January 1, 2025. The injury which Plaintiff alleged at the time of filing has not disappeared but will occur again, with certainty, under existing law and will be imminent or actual by the time this litigation takes an ordinary period to resolve.  Plaintiff accordingly seeks a declaratory judgment that, unless and until revised by Congress to give appropriate direction, 31 USC §3101(b) should remain suspended and unenforceable indefinitely past January 1, 2025.

7.     As set forth below, the Debt Ceiling Statute both requires and denies the defendant President any authority from Congress to comply with its terms.  Without any authority to do otherwise, the President must pay the bondholders, carry out the spending that Congress has previously directed, and comply with the limit of $31.4 trillion on total indebtedness. It is impossible to do all three things at once, and Congress cannot lawfully place the President in a position where the President must violate the principle of the separation of powers and take actions that only Congress can authorize.  Because of the pending harm to Plaintiff's members at the time of filing and because such harm is certain to occur again under existing law as soon as the Debt Ceiling Statute goes back into effect, and the excess of total indebtedness is even greater than now, Plaintiff is entitled to declaratory relief.

JA024

## JURISDICTION, VENUE AND PARTIES

8.      This Court has jurisdiction over this complaint under 28 U.S.C. § 1331, § 2201, and

5 U.S.C. § 702 because this case presents a substantial question of federal law.

9.      This Court has the authority to issue a declaratory judgment and to order injunctive

relief and other relief that is necessary and proper pursuant to 28 U.S.C. §§ 2201 & 2202 and 5

U.S.C. §§ 705, 706(2).

10.     Venue is proper in this district under 28 U.S.C. § 1391(e)(1), as Plaintiff maintains

its principal place of business in this judicial district and represents members, and federal employ-

ees, throughout the United States, including this judicial district.

### Plaintiff

11.     Plaintiff National Association of Government Employees, Inc., is a national labor

organization affiliated with the Service Employees International Union. NAGE is incorporated in

Delaware, with its place of business at 159 Thomas Burgin Parkway, Quincy, MA 02169. It rep-

resents bargaining unit employees in U.S. government agencies including, but not limited to, the

United States Department of the Army, the United States Department of the Air Force, the United

States Department of the Navy, the Defense Commissary Agency, the Army and Air Force Ex-

change Service, the Defense Logistics Agency, the United States Department of Veterans Affairs,

the United States Department of Transportation, the Federal Aviation Administration, the United

States Environmental Protection Agency, the United States Department of the Interior, the United

States Department of Commerce, and the Federal Mediation and Conciliation Service.

### Defendants

12.     Defendant Janet Yellen is the Secretary of the Treasury of the United States and, in

that position, is responsible for financing the federal government's operations.

13.     Defendant Joseph Biden is the President of the United States.

JA025

## FACTUAL ALLEGATIONS

14.     Plaintiff NAGE is the exclusive bargaining representative of nearly 75,000 federal employees, including approximately 6,000 in Massachusetts.

15.     The members of Plaintiff NAGE work in U.S. government agencies including, but not limited to, the United States Department of the Army, the United States Department of the Air Force, the United States Department of the Navy, the Defense Commissary Agency, the Army and Air Force Exchange Service, the Defense Logistics Agency, the United States Department of Veterans Affairs, the United States Department of Transportation, the Federal Aviation Administration, the United States Environmental Protection Agency, the United States Department of the Interior, the United States Department of Commerce, and the Federal Mediation and Conciliation Service.

### The Injury in Fact to Plaintiff's Members

16.     On June 3, 2023, just a few hours before what Defendants described as "an economic and financial catastrophe" from the inability of the United States to pay its bills, the defendant President signed emergency legislation that suspended 31 U.S.C. 3101(b), known as the Debt Ceiling Statute.

17.     White House economists who advise Defendants predicted a protracted default lasting only three months would wipe out eight million jobs and cut the stock market's value in half.

18.     Just prior to the scheduled default date of June 5, 2023, Defendant Yellen directed all federal agencies to delay and hold up the payment of routine or ordinary bills.

19.     A prominent expert on the federal budget, Wendy Edelberg, the current director of the Hamilton Project at the Brookings Institute, testified before the Congress on May 17, 2023, that a likely emergency measure in the event of default would be at least a delay in the paychecks of federal employees.

JA026

20.     Such a delay in paychecks of federal employees was one of the measures that Defendant Yellen and her staff actively considered and would very likely have taken had the United States run out of cash on June 5, 2023, to pay its bills.

21.     Just a few days before, on May 31, 2023, the Secretary of the U.S. Department of Veterans Affairs, which employs thousands of Plaintiff's members, warned of such delays in the paychecks of employees of his Department.  *See* https//news.va.gov/press room/sec.va-press-conf.

22.     By letter to Congress on January 13, 2023, Defendant Yellen had already taken certain extraordinary emergency measures to postpone the date of a default by withholding payments to the individual savings accounts of Plaintiff's members.

23.     On such date, Defendant Yellen sent a letter to Congress warning of the pending default and, pursuant to 5 USC §8438 (g), declared a "debt issuance suspension period," which held up payments due to the individual Thrift Savings Plan G Fund accounts held by Plaintiff's members.

24.     As a result, thousands of Plaintiff's members who have such G Fund accounts received no interest payments and appreciation of principal on their own personal savings.

25.     By declaring a debt issuance suspension period, Defendant Yellen stopped investing the participants' savings into one-day non-marketable Treasury securities subject to the debt limit and stopped paying interest to the participants' accounts.

26.     As a result, from January 13, 2023, up to the time of the filing of this action, and at least through June 3, 2023, thousands of Plaintiff's members who are participants in the G fund did not have the benefit from any new investment or reinvestment of, or interest on, their personal savings.

27.     Under 5 USC §8438(g), such financial losses to Plaintiff's members continue

indefinitely, unless or until such issuances could be made "without causing the public debt of the United States to exceed the debt limit."

28. At the time of the filing of the original complaint in this action on May 8, 2023, Plaintiff's members who had personal savings in G Fund accounts and suffered these financial losses had no legal remedies or other legal avenues to recover losses to their accounts and had to depend entirely on Congress raising the level of indebtedness, so that the Defendant Secretary could reimburse their financial losses.

29. At the time of the filing of this action, and as estimated by White House economists in paragraph 17 above, Plaintiff's members enrolled in the four other federal employee thrift savings plans which do invest in non-government equity and debt would have faced the same significant losses, had default lasted up to three months.

30. By prioritizing payment of interest on Treasury securities of persons other than the participants in the G Fund accounts, Defendants effectively defaulted on the timely payment of its obligations on Treasury securities to Plaintiff's members after January 13, 2023, notwithstanding Section 4 of the Fourteenth Amendment which states that the validity of the public debt may not be questioned.

31. Had the United States run out of cash on June 5, 2023, and a more general default occurred, Plaintiff's members in these same G Fund accounts would have suffered even greater financial injury from default of Defendants.

32. Plaintiff NAGE, as a labor organization, is entitled to bring this action to protect its members from unlawful and unconstitutional statutes, including the Debt Ceiling Statute, that causes or threatens them with loss or delay in salary and investments, and such action is germane to the purposes of Plaintiff as a labor organization.

JA028

**Continuation of Illegal Conduct**

33.    While the Debt Ceiling Statute has been suspended temporarily until January 1, 2025, there has been no voluntary cessation and no statement by Defendants disclaiming further enforcement or reinstatement on January 1, 2025.

34.    Defendant President himself has expressed doubt that the Debt Ceiling Statute is constitutional.

35.    Yet Defendants plan to continue its enforcement and have indicated, as things stand, that they will comply with the Debt Ceiling Statute when it is reinstated on January 1, 2025.

36.    Under Public Law 118-5, which took effect on June 3, 2023, there will be at least a modest increase in spending.

37.    As a result, the total indebtedness of the United States will have increased even further above $31.4 trillion when the Debt Ceiling Statute goes back in effect on January 1, 2025.

38.    Furthermore, apart from spending increase in Public Law 118-5, the prior debt impasse of recent weeks will likely increase cost of government borrowing as the date of January 1, 2025, approaches, so that the level of public indebtedness will be higher still.

39.    At present, there has been no cessation, voluntary or otherwise, or change of law, that would stop the use of the same Debt Ceiling Statute, as of January 1, 2025, from inflicting the same objective harm or risk of harm that existed on May 8, 2023, when this action was filed.

40.    Rather than the risk of harm as alleged in the original complaint being merely "capable of repetition," it is the same harm or risk of harm being continued in an even greater and more dangerous form.

41.    As set out above, the total indebtedness of the United States over $31.4 trillion will be even greater when the Debt Ceiling Statute goes back in effect.

8

JA029

42.     As a result, the amount of cancelled spending and default on public debt that will be forced upon the country at that time will be even greater.

43.     It is an ominous sign that the current Congress was neither able to enact an increase debt ceiling or reduce the current level of public spending, and the political compromise reached makes default a certainty on January 1, 2025.

44.     Absent a change in law, and under existing law, Plaintiff's members face certain and irreparable harm as of January 1, 2025, just eighteen months away, and well before that date, another declaration of a debt issuance suspension period causing financial loss to the Plaintiff's members.

## Constitutional Violations

45.     As of January 1, 2025, upon reinstatement of the Debt Ceiling Statute, Congress will in effect impose a bankruptcy without a bankruptcy type procedure and without any direction as to what actions that the Defendants are to take to comply with its terms.

46.     Any such action by Defendants would be unlawful because every such action requires would be of such enormity as to require the clear authorization of Congress, which the Debt Limit Statute has failed to provide.

47.     The Debt Ceiling Statute by its silence requires the Defendant President to do three impossible things at once, namely, to pay the bondholders, to carry out the spending Congress has directed, and to comply with the denial of any authority of the Secretary to borrow.

48.     The silence of the Debt Ceiling Statute has thereby placed the Defendant President in an impossible position without any clear authorization from Congress as to what, if any, course of action that Defendants may lawfully pursue.

49.     Under Article II of the Constitution, the Defendant President is obligated to execute

all the laws without exception and may not take these major decisions to renege on the debt or cancel spending on his own without authorization by Congress.

50.     Nor could Congress authorize the President to default on the debt, as it has no specific or express power to do so under Article I, or to cause bankruptcy, rather than use its power to tax or borrow to meet the obligations which Congress itself incurred.

51.     The silence of Article I as to any such extraordinary power to cause a bankruptcy rather than use the express power to tax or borrow is an effective prohibition.

52.     Furthermore, it is inconsistent with the express intent of the Framers to create a form of government unlike the Articles of Confederation that had the power to tax and borrow so as not to default on its debts.

53.      Furthermore, the inference of any such power would conflict not only with Article I but with Section 4 of the Fourteenth Amendment, which states that the validity of the federal government's public debt may not be questioned.

54.     Any such inference of a power by Congress to default on debt would also be inconsistent with Article I, section 10, cl. 1, prohibiting the states from impairing the obligation of contracts.

55.     Under the canon of constitutional avoidance, and for the other reasons set out above, the Debt Ceiling Statute may not be interpreted to authorize Defendants to default on the principal or interest of the outstanding federal debt.

56.     Nor does the Debt Ceiling Statute authorize Defendants to cancel any spending that Congress has previously directed to comply with its terms.

57.     Even if it did so, Congress cannot grant any power to the Defendant President to cancel spending directed by law, unless Congress itself does so through the detailed legislative

JA031

process set out in Article I, section 7.

58.     Nor does the Defendant President have any such power under the Impoundment Control Act of 1974, 2 U.S.C. § 681 *et seq.*, which does not permit the recission of funds unless Congress approves such action within 45 days.

59.     In the case of the Anti-Deficiency Act, which is applicable in the absence of a duly enacted budget, yet to be determined, the President has limited authority to continue essential operations until the Congress has exercised its constitutional function of approving a budget and provides appropriate guidance to the President as to how to proceed.

60.     However, in complying with the Anti-Deficiency Act, the President does not have the authority to suspend or cancel any laws or any programs that are, in fact, funded by Congress. By contrast, the Debt Limit Statute has a retroactive effect and requires a reduction of operations of government approved by Congress, with no legislative direction as to which obligations to cancel.

## <u>FIRST CAUSE OF ACTION</u>:

### VIOLATION OF THE SEPARATION OF POWERS AND PRESENTMENT CLAUSE UNDER ARTICLES I AND II TO THE UNITED STATES CONSTITUTION

61.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62.     Pursuant to 28 U.S.C. §2201, Plaintiff seeks a declaratory judgment that for the reasons set out above, the Debt Ceiling Statute unless and until revised properly by Congress is unconstitutional in its current form  because any actions that the Defendant President and Secretary might take to comply with its limit once the United States no longer has enough cash to pay its expenses would require clear authorization from Congress, which the Debt Ceiling Statute utterly fails to provide.

JA032

63.     Specifically, Congress has conferred no authority on the President to forego payment of the principal and interest on the public debt, or to cancel spending directed by Congress, to comply with the limit set by the Debt Ceiling Statute and has failed to provide any schedule of payments of any kind for Defendants to follow.

64.     Apart from the silence of the Debt Ceiling Statute as to actions the Defendants make take, it is in doubt whether Congress has the authority under Article I to forego payment of principal and interest on the federal debt, or in effect declare a form of bankruptcy for doing so, when Article I is silent as to such authority and Section 4 of the Fourteenth Amendment states that the validity of the public debt may not be questioned.

65.     Likewise, because here too the Debt Ceiling Statute is silent, Congress has conferred no authority on the Defendants to cancel any spending that Congress has directed.

66.     Apart from this silence of the Debt Ceiling Statute, Congress cannot constitutionally grant the power to the defendant President to cancel any spending directed by Congress by law, unless Congress itself amends or repeals such law through the prescribed legislative procedure set out in Article I, section 7.

67.     Accordingly, Plaintiff seeks a declaratory judgment that the Debt Ceiling Statute, 31 U.S.C. § 3101(b), in its current form, is unconstitutional unless and until it is revised by Congress to determine which specific spending approved by Congress should be rescinded immediately as a matter of law to comply with the limit on indebtedness and the Defendant Secretary's authority to borrow.

68.     Unless and until Congress revises the Debt Ceiling Statute to clearly authorize what actions that the Defendants shall take to comply with its terms in a manner that is consistent with the separation of powers in Articles I and II as well as the Fourteenth Amendment, this Court

should declare that the now suspended Debt Ceiling Statute may not be lawfully reinstated.

69.     Plaintiff reserves the right to seek injunctive relief as appropriate as the date of reinstatement of the Debt Ceiling Statute draws near, and as Defendants again must take emergency cash management methods in advance of the pending default.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE FIFTH AMENDMENT**
**TO THE UNITED STATES CONSTITUTION**

70.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71.     Under the facts set forth above, and in violation of the principles of equal protection and due process as incorporated into the Fifth Amendment of the Constitution, Congress has no scheme or set of classifications to determine or control which persons, corporations, or associations will or will not forfeit or lose amounts or suffer a taking of property and contractual rights due to them under 31 U.S.C. § 3101(b), or when the limit on the total indebtedness of the United States is reached, and the taking of such property or contractual rights or infliction of financial loss without the sanction of any law or consent of Congress deprives Plaintiff's members who are participants in the G Fund accounts of their property without due process of law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court to:

A.     Declare and enter judgment pursuant to 28 U.S.C. §2201 that the Debt Ceiling Statute in its current form is unconstitutional in that 31 U.S.C. §3101(b) at present requires the Defendant President and Secretary to take actions for which such Defendants have no authority to take under the Debt Ceiling Statute and that require clear authorization by Congress;

JA034

B.      Declare and enter judgment pursuant to 28 U.S.C. 2201 that Congress has not con-

ferred any authority in the Debt Ceiling Statute to default or impair any obligations to holders of

federal debt, and Congress could not confer such authority on Defendants under Article I or under

the Fourteenth Amendment even if it chose to do so;

C.      Declare and enter judgment pursuant to 28 USC 2201 that Congress has not con-

ferred any authority in the Debt Ceiling Statute to cancel or rescind any spending directed previ-

ously directed by Congress, and Congress could not confer such authority on Defendants under

Article I, even if it chose to do so;

D.      Declare that because of the constitutional infirmity declared by this Court, the Debt

Ceiling Statute may not lawfully be reinstated on January 1, 2025, unless and until it is revised by

Congress in a manner consistent with Articles I and II, and the Fourteenth Amendment;

E.       Grant such other relief, including injunctive relief, as may be appropriate to bar the

reinstatement of the Debt Ceiling Statute on January 1, 2025; and

F.      Grant such and other further relief as the Court deems just and proper.


Dated: June 20, 2023

                                        Respectfully submitted,

                                        NATIONAL ASSOCIATION OF
                                        GOVERNMENT EMPLOYEES, INC.,

                                        By its attorneys,

                                        /s/ Shannon Liss-Riordan
                                        Shannon Liss-Riordan, BBO #640716
                                        Matthew P. Carrieri BBO #705192
                                        Lichten & Liss-Riordan, P.C.
                                        729 Boylston Street, Suite 2000
                                        Boston, MA 02116
                                        (617) 994-5800

JA035

sliss@llrlaw.com
mcarrieri@llrlaw.com


Sarah E. Suszczyk
*(pro hac vice)*
General Counsel
NAGE/IBPO/IAEP/IBCO
159 Burgin Parkway
Quincy, Massachusetts 02169
(617) 376-7239
ssuszczyk@nage.org


Thomas H. Geoghegan
*(pro hac vice)*
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
tgeoghegan@dsgchicago.com

Patrick V. Dahlstrom
*(pro hac vice)*
Pomerantz LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
(312) 377-1181
pdahlstrom@pomlaw.com




## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served by electronic filing on June 20, 2023, on counsel for Defendants.

/s/ *Shannon Liss-Riordan*
Shannon Liss-Riordan

JA036

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-11001-RGS

NATIONAL ASSOCIATION OF
GOVERNMENT EMPLOYEES, INC.

v.

JANET YELLEN, in her official capacity
as Secretary of Treasury, and
JOSEPH BIDEN, in his official capacity
as President of the United States

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

October 18, 2023

STEARNS, D.J.

Plaintiff National Association of Government Employees, Inc. (NAGE)
filed this action against defendants Janet Yellen, in her official capacity as
Secretary of Treasury, and Joseph Biden, in his official capacity as President
of the United States.  It seeks a judgment on behalf of its members declaring
that the Debt Ceiling Statute, 31 U.S.C. § 3101(b), is "unconstitutional and in
violation of the separation of powers set out in Articles I and II of the United
States Constitution."[1]  Am. Compl. [Dkt # 40] ¶ 1.  Defendants move to

---

[1] Because the Amended Complaint asserts only that the statute violates
"the separation of powers set out in Articles I and II of the United States
Constitution," Am. Compl. ¶ 1, any other theory of unconstitutionality

dismiss the case on standing and mootness grounds.  For the following reasons, the court will allow defendants' motion.

## DISCUSSION

One of the "core component[s]" of the Article III case or controversy requirement is that a plaintiff have standing to pursue its claims.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  As an association, NAGE's standing hinges on the standing of its members.  *See Parent/Pro. Advoc. League v. City of Springfield*, 934 F.3d 13, 33 (1st Cir. 2019).  Three elements are relevant to the inquiry of whether its members have standing:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560-561 (internal quotation marks, alterations, and citations omitted).

---

referenced by NAGE in its briefing or during the October 5, 2023 hearing (for example, violation of the Fourteenth Amendment) is not properly before the court.

JA038

The only plausible basis for standing alleged here is the threat existing at the time of filing that the payment of NAGE members' salaries and wages would be delayed.[2]  The problem is this:  Even assuming *arguendo* that this injury sufficed to establish standing at the time of filing (the court expresses no opinion on this question), the underlying issue can no longer be considered "real" or "immediate" given passage of the Fiscal Responsibility

---

[2] NAGE proposes three other bases for standing: (1) past losses to Thrift Savings Plan G Fund (government securities) accounts; (2) future losses to those accounts; and (3) future delayed salaries and wages.  None satisfies the injury-in-fact requirement.

With respect to the first basis, it is not clear that NAGE members suffered any "actual" loss.  NAGE concedes in its oppositional briefing that "the Fiscal Responsibility Act has allowed Defendant Yellen to make good on" any losses to G Fund accounts that may have existed at their time of filing.  Opp'n to Mot. to Dismiss (Opp'n) [Dkt # 47] at 4.  Even assuming members did suffer an actual loss, however, that loss would not be redressable by a favorable decision from this court, as this action seeks only declaratory relief.

With respect to the second and third bases, it is entirely conjectural to say that a constitutional violation will crystallize (and thus that the predicted harm will occur) on January 2, 2025.  To find this injury sufficient to confer jurisdiction, the court would have to speculate that another entity not party to this suit – Congress – will, fourteen months from now, both pass a budget for 2025 that causes government debt to exceed the Debt Ceiling Statute and fail to further suspend enforcement of or raise the debt ceiling (despite having always undertaken such action in the past).  *See Williams v. Lew*, 819 F.3d 466, 474 (D.C. Cir. 2016); *cf. Steir v. Girl Scouts of the USA*, 383 F.3d 7, 16 (1st Cir. 2004) ("It is not enough for a plaintiff to assert that she 'could be' subjected in the future to the effects of an unlawful policy or illegal conduct by a defendant—the prospect of harm must have an 'immediacy and reality.'"), quoting *Golden v. Zwickler*, 394 U.S. 103, 109 (1969).

3

Act of 2023, which suspended enforcement of the Debt Ceiling Statute through January 2, 2025. *Town of Portsmouth v. Lewis*, 813 F.3d 54, 58 (1st Cir. 2016), quoting *Am. C.L. Union of Massachusetts v. U.S. Conference of Catholic Bishop*, 705 F.3d 44, 52 (1st Cir. 2013). Any declaratory judgment action premised on this injury accordingly is moot. *See Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3, 9 (1st Cir. 2021); *see also Harris v. Univ. of Massachusetts Lowell*, 43 F.4th 187, 191 (1st Cir. 2022) ("[A] suit becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotation marks, alterations, and citations omitted).

NAGE does not dispute that the Fiscal Responsibility Act of 2023 removed any imminent risk of harm which may have existed at the time of filing, but it seeks to avoid application of the mootness doctrine by citing two exceptions to it: voluntary cessation and the potential for the harm to recur and yet evade review. Neither exception provides relief here.

## I. Voluntary Cessation

NAGE first invokes the voluntary cessation exception, which provides "that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).

JA040

Defendants do not engage with the merits of whether they can fairly be said to have "voluntarily ceased" the challenged conduct, *cf. Lewis*, 813 F.3d at 59 n.1, instead arguing that the doctrine is inapplicable because "the relevant intervening event" – suspension of the Debt Ceiling Statute – "was not brought about" to moot litigation, Reply [Dkt #52] at 3.

On balance, the court agrees with defendants that the doctrine should not govern here.  *See Bos. Bit Labs*, 11 F.4th at 10 (the party asserting mootness bears the burden to show that the doctrine does not apply).  As the First Circuit has explained, the underlying purpose of the voluntary cessation exception "is to deter a 'manipulative litigant [from] immunizing itself from suit indefinitely, altering its behavior long enough to secure a dismissal and then reinstating it immediately after.'" *Lewis*, 813 F.3d at 59, quoting *Am. C.L. Union*, 705 F.3d at 54-55.  The exception serves little purpose where, as here, "the voluntary cessation occurred for reasons unrelated to the litigation." *Lewis*, 813 F.3d at 59.

Recognizing the writing on the wall, NAGE cites to *West Virginia v. Environmental Protection Agency*, 142 S. Ct. 2587 (2022), which it contends applied the voluntary cessation exception despite the government having not acted to moot the litigation.  But the court is not convinced that NAGE correctly interprets *West Virginia*.  The relevant conduct in that case was the

agency's statement that it "ha[d] no intention of enforcing the" current rule prior to adoption of a new rule.  *Id.* at 2607.  Because the agency did not propose any alteration of the overarching legal landscape, that statement had no other purpose than mooting the current litigation.

## II.    Capable of Repetition Yet Evading Review

NAGE alternatively suggests that the alleged harm falls within the exception for review-evading repetition.  It has not, however, met its burden to show that either element of the exception – (1) that the challenged conduct "was in its duration too short to be fully litigated prior to its cessation or expiration" or (2) that "there was a reasonable expectation that the same complaining party would be subjected to the same action again"– is met here. *Am. C.L. Union*, 705 F.3d at 57, quoting *Gulf of Maine Fisherman's All. v. Daley*, 292 F.3d 84, 89 (1st Cir. 2002); *see also Harris*, 43 F.4th at 194 (the party opposing mootness bears the burden to show that the doctrine applies).

First, NAGE fails to explain how the challenged conduct is so "inherently transitory" as to escape judicial review.  *Am. C.L. Union*, 705 F.3d at 57.  At best, it states that "it will be at most a matter of weeks until Congress pulls back from the brink or the bankruptcy occurs, with no possibility of full appellate review to determine the legality of a practice that would ruin the

credit of the United States and harm Plaintiff's members." Opp'n at 10. But this is pure speculation. NAGE offers no reasonable basis to assume that, if Congress were to take the unprecedented step of allowing an alleged constitutional violation to materialize, it would then resolve the issue within weeks. *See Cruz v. Farquharson*, 252 F.3d 530, 535 (1st Cir. 2001) (exception not met where plaintiffs failed to provide any evidence, apart from their own say-so, that the issues could evade meaningful review).

Second, NAGE fails to make the requisite showing of repetition. While it is true that the *threat* of harm has recurred at times, NAGE offers no reasonable basis to expect that it will be subject to the "*alleged illegality*" in the future. *See Am. C.L. Union*, 705 F.3d at 57 (emphasis in original), quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Congress has consistently suspended enforcement of or raised the amount of the debt ceiling limit before any separation of powers violation has crystallized when faced with the issue in the past.

## ORDER

For the foregoing reasons, the motion to dismiss is <u>ALLOWED</u>.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE

7

JA043

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

National Association of Government Employees, Inc.

       Plaintiff

     v.                                  Civil Action No. 23-11001-RGS

Janet Yellen, in her official capacity as Secretary of Treasury,
and Joseph Biden, in his official capacity as President of
the United States

       Defendants

ORDER OF DISMISSAL

October 18, 2023

STEARNS, D.J.

       In accordance with the court's Memorandum and Order [Dkt # 58] entered on

October 18, 2023, granting defendants' motion to dismiss, it is ORDERED that the

above-entitled action be, and hereby is, dismissed.

By the court,

/s/ Arnold Pacho
Deputy Clerk

**JA044**

# UNITED STATES COURT OF APPEALS
## For the First Circuit
### Appeal No. 23-1867

_____

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that this Appendix was filed through the United States Court of Appeals for the First Circuit ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including the following counsel of record for Defendants–Appellees:

> Urja Mittal
> Gerard Sinzdak
> U.S. Department of Justice
> 950 Pennsylvania Avenue NW
> Washington, DC 20530
> urja.mittal@usdoj.gov
> gerard.j.sinzdak@usdoj.gov

*/s/ Shannon Liss-Riordan*
Attorney for Plaintiffs-Appellants

Dated: March 25, 2024